UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELLS HETHERINGTON,  
MCR-EMT  
Plaintiff,

CASE NO: 3:21-CV-671-

v.

LAUREL M. LEE, in her official
capacity as Florida Secretary of State, et al.,
Defendants.
_____/

**<u>Supplemental Memorandum in Opposition to Plaintiff's Incorporated Motion
To Consolidate a Hearing on the Preliminary Injunction
With Trial on The Merits</u>**

Defendants Florida Attorney General Ashley Moody, and Commissioners Joni Alexis Poitier, Barbra Stern, Kymberlee Curry Smith, Jason Todd Allen, and J. Martin Hayes, by and through undersigned counsel, and in accordance with this Court's Order of June 18, 2021 (DE # 37), submit this supplement to their memorandum in opposition to Plaintiff's pending motion for preliminary injunction (DE # 28) for the limited purpose of providing further support for Defendants' opposition to the consolidation of the preliminary injunction proceedings and the merits.

1

Specifically, the Court directed Defendants to describe the discovery they believe is needed for them to defend the case. The examples below demonstrate relevant factual issues as to which discovery would be appropriate.

At the outset, it bears emphasis that Plaintiff has asserted claims of facial and as-applied unconstitutionality of a Florida statute which, by its terms, aims to preserve the nonpartisan nature of certain categories of elective public offices. For such offices, including the judiciary and school boards, no identification of a candidate's political party appears on the ballot, no political primaries are held to determine who would represent any political party in seeking nonpartisan office, and candidates are required to refrain from making representations that they are running as partisans and would serve as partisans if elected. The context here concerns Plaintiff's prior campaign-related statement that he is "a lifelong Republican"—obviously intended to convey his partisanship in seeking election to an expressly nonpartisan office: here, membership on a school board.

Defendants require discovery with respect to the factual allegations set forth by Plaintiff in his Complaint (DE # 1) ("Cmplt.") and his Declaration (DE # 12-2). These facts relate to: the scope of Plaintiff's current challenge to the provisions of subsection (3) of the statute at issue, Fla. Stat. § 106.143; the circumstances surrounding Plaintiff's past conduct leading to imposition of a fine by the Florida Elections Commission ("FEC"); the terms of settlement of the fine, including

Plaintiff's representation that he would no longer seek to represent himself as "a lifelong Republican"; Plaintiff's claim that he has been or stands to be harmed by the challenged statutory provisions; Plaintiff's basis for alleging that the FEC Commissioners "stand[] ready to do so again" regarding enforcement of the challenged provisions (particularly inasmuch as the FEC's membership is in flux); and Plaintiff's basis for suing the Florida Attorney General.

If permitted by this Court, Defendants would seek discovery as follows:

A.   Production of documents:

   1.   To discover whether Plaintiff is actually a candidate for office in 2022, including Plaintiff's Appointment of Campaign Treasurer and Designation of Campaign Depository for Candidates (Form DS-DE 9, regarding the 2022 election for Escambia School Board Member).  Cmplt. ¶ 19

   2.   To determine Plaintiff's prior statements regarding his actions and fines, including his correspondence and agreements with FEC Commissioners or other FEC personnel regarding any proposed fine, imposed fine, or reduction or increase in a fine, as well as all non-privileged communications with any other persons regarding such matters from 2017 to the present.

   3.   To determine the import of the term "lifelong Republican" as used by Plaintiff and as understood by voters, including documents relating to campaign fund-raising by Plaintiff, to his prior assertions concerning his status as a "lifelong

3

Republican," to his membership in the Republican Party, to his possible disagreements with Republican Party positions, and such.

    4.    To determine the facts bearing upon a possible defense of accord and satisfaction arising from the settlement of Plaintiff's prior dispute with the FEC, pursuant to which a fine amount was substantially reduced.

B    Interrogatories or Depositions:

    1.    To determine the scope of Plaintiff's allegation regarding the statute at issue, *i.e.*, whether Plaintiff alleges that all of subparagraph (3) of Fla. Stat. 106.143, is unconstitutional, or only the portion that relates to non-partisan elections.

    2.    To determine the harm that Plaintiff alleges and his alleged chilling effect by determining Plaintiff's basis for alleging that each named FEC Defendant "stands ready to do so again" by way of enforcing the statute. Cmplt, ¶¶ 9-13.

    3.    To determine the alleged future impact on Plaintiff by determining what future election campaigns he plans to enter. Cmplt, ¶ 21.

    4.    To determine the scope of any restriction on Plaintiff caused by the statute and to determine the views, opinions, or positions that Plaintiff contends that the statute prohibits him from expressing, Cmplt. ¶ 2, including:

  a. Whether Plaintiff contends that there is any view, any opinion, or any position, held or espoused by him, that he was or will be prohibited from expressing due to the operation of the statute.

  b. Whether Plaintiff contends that there is any status that he might have, other than membership in the Republican Party, that he was or is prohibited from expressing due to the operation of the statute.

  c. Whether there is alternative language besides "lifelong Republican" that would express the same view, opinion, or position about Plaintiff's history of political affiliations that would not offend the statute.

5. Discover the basis for Plaintiff's allegation of nominal damages of $17.91. Cmplt. ¶ E.

6. To assess the impact on voters and other third parties when Plaintiff conveys his status as a "lifelong Republican."

7. Discover whether Plaintiff has run for any other nonpartisan elective office, and, if so, any public disclosures that he made about his political affiliations.

8. Discover whether Plaintiff has run for any partisan elective offices, and if so whether he ran as the nominee of a political party and any public disclosures that he made about his party affiliations.

Regardless of how the Court rules on the preliminary injunction motion, Defendants believe that they should be afforded a full and fair opportunity to defend this action on the merits, including the right to take discovery as other litigants in matters before courts of law are routinely provided.

WHEREFORE, for all of the foregoing reasons, Plaintiff's motion to consolidate the preliminary injunction hearing with the trial on the merits should be denied.

        ASHLEY MOODY
        ATTORNEY GENERAL

        */s/ Glen A. Bassett*
        Glen A. Bassett (FBN 615676)
        Special Counsel
        Complex Litigation
        Office of the Attorney General
        PL-01 The Capitol
        Tallahassee, FL 32399-1050
        850-414-3300
        Glen.Bassett@myfloridalegal.com
        ComplexLitigation.eservice@myfloridalegal.com
        For Defendants Moody, Poitier, Stern, Smith, Allen, and Hayes

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I HEREBY CERTIFY that the foregoing response contains 1177 words, and is thus within the limitation of the Local Rules of this Court.

                                                 */s/ Glen A. Bassett*
                                                 Glen A. Bassett
                                                 Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of June 2021, I electronically filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will serve all attorneys of record.

                                                 */s/ Glen A. Bassett*
                                                 Glen A. Bassett
                                                 Attorney