# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

| | |
|---|---|
| KELLS HETHERINGTON,<br>*Plaintiff,*<br><br>v.<br><br>GINGER BOWDEN MADDEN, in her<br>official capacity as State Attorney,<br>et al.,<br>*Defendants.* | Case No.<br>3:21-cv-671-MCR-EMT |

## PLAINTIFF KELLS HETHERINGTON'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

The FEC Defendants argue that Mr. Hetherington failed to show due diligence by not anticipating, at the beginning of the case, an argument that they only raised at the case's apparent conclusion. They argue further that they would be prejudiced were the Complaint amended to address a standing argument that they waited to raise until after their answer, briefing on their motion to dismiss, discovery, and briefing on preliminary injunction were over.

Both of the FEC Defendants' arguments fail. Mr. Hetherington has been diligent, and did not delay in addressing the FEC's arguments, nor

in bringing the associated motion to amend. And there is no need for discovery or additional briefing, as this case presents only legal issues that the parties have fully briefed.

ARGUMENT

I. GOOD CAUSE EXISTS TO AMEND DUE TO THE FEC'S RECENT ASSERTION OF A NOVEL DEFENSE

As noted in Mr. Hetherington's opposition to the FEC's summary judgment motion, there are no redressability concerns in this case. Contrary to the FEC's claims that other statutory and constitutional provisions effect the same speech restriction as Fla. Stat. § 106.143(3), none of those other provisions grant the Defendants enforcement power to prohibit Mr. Hetherington from mentioning his party affiliation while he is a nonpartisan candidate. Section 106.143(3) is the provision that the state has used to enforce its speech restriction. Out of an abundance of caution, however, Mr. Hetherington filed his motion to amend the Complaint, should the Court find any merit to the FEC's redressability argument.

At this stage of the proceedings, a party may amend its complaint only by the leave of the Court, but a "court should freely give leave

2

when justice so requires." Fed. R. Civ. P. 15(a)(2). In particular, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," such leave "should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). In his motion to amend, Mr. Hetherington demonstrated that all these factors are in his favor. Moreover, even assuming that either of the Court's scheduling orders (ECF No. 61 and 64) included a "deadline for amending" under Rule 16, good cause is present here. *Vision Constr. Ent v. Argos Ready Mix LLC*, No. 3:15cv534-MCR-HTC, 2020 U.S. Dist. LEXIS 219239, at *5 (N.D. Fla. May 20, 2020).

Under both Rule 15 and Rule 16, the FEC Defendants challenge Mr. Hetherington's diligence and assert undue prejudice. But Mr. Hetherington's motion to amend was not filed after "undue delay." Rather, any delay here was caused by the FEC, which waited until summary judgment to raise the issue, to then try to catch Mr. Hetherington in a bind without the ability to respond.

3

"A challenge to standing is appropriately raised under Rule 12(b)(1)."
*J.N. v. Or. Dep't of Educ.*, No. 6:19-cv-00096-AA, 2020 U.S. Dist. LEXIS
159070, at *16 (D. Or. Sep. 1, 2020). And "a 12(b)(1) motion to dismiss
for lack of subject matter jurisdiction may be raised at any time." *Lopes
v. DWB Holding Co.*, No. 6:09-cv-386-Orl-35GJK, 2010 U.S. Dist. LEXIS
149446, at *26 (M.D. Fla. July 1, 2010). That is, the FEC could have
raised its redressability concerns with its motion to dismiss, or with its
opposition to the preliminary injunction, at any time during discovery,
or at any time when it would have been easier to respond. But the FEC
Defendants waited to raise it until summary judgment, when it believed
the only option would be dismissal should the court find merit in its
arguments.

Mr. Hetherington responded to the FEC's arguments in a timely
manner. As soon as the FEC raised the argument in its summary
judgment motion, Mr. Hetherington responded in his opposition to the
FEC's motion and with the motion to amend.

The FEC Defendants nonetheless argue that Mr. Hetherington
should have known that it would raise the redressability issue because

of five citations, scattered across the case's briefing, to § 97.021.

First, the FEC Defendants treat any assertion to any of the 47 subsections of Fla. Stat. § 97.021 as a citation to them all, and as constructive notice of any argument that the FEC might derive from any of the subsections. In particular, the FEC treats two citations to subsection 7 as citations to subsection 23, and as recognizing the redressability argument that the FEC would tease out of it. *See* FEC Opp. at 6-7 (citing to Memorandum in Support of Mot. for Preliminary Injunction at 4 (ECF No. 12-1) and to Memorandum in Support of Mot. for Summary Judgment at 5 (ECF No. 67-1)). But subsection 7 merely defines a candidate as someone who has "appoint[ed] a treasurer and designate[d] a primary depository." Fla. Stat. § 97.021(7)(d). And Mr. Hetherington cited it only to demonstrate that he was a candidate. That is a far cry from citing to the definition of "Nonpartisan office" as one where a candidate does not "campaign[] or qualify[] for election . . . based on party affiliation," *id*. at § 97.021(23), much less of reading from that provision the argument that the FEC teased from it—that a definition of nonpartisan office granted Defendants *any* enforcement

powers, let alone the same enforcement powers as a statutory provision prohibiting candidate speech.

The FEC Defendants also refer to the Secretary of State's quotation from subsection 23 in its motion to dismiss. FEC Opp. at 6. But Secretary Lee did not cite to subsection 23 as additional enforcement authority, or even as any form of enforcement authority. Lee Mot. at 3 (ECF No. 23). Secretary Lee used the definition at subsection 23 to further explain the enforcement authority granted at § 106.143(3). That is hardly calculated to give notice that subsection 23 might be an additional grant of enforcement authority, or that Mr. Hetherington might need to amend his complaint to address it.

Next, the FEC Defendants cite to one of their own briefs. But if the reference to § 97.021 there indicated a claim of enforcement authority and a redressability issue, the FEC Defendants gave a different impression. In their supplemental memorandum in support of their motion to dismiss, the FEC Defendants quoted subsection 23 and stated that the "definition is in complete harmony with the requirements of section 106.143(3)." FEC Supplemental Memo. at 8 (ECF No. 55). The

FEC Defendants treated § 97.021(23) merely as a definition used to interpret the enforcement provision at § 106.143(3), not as an independent source of enforcement power. They gave no notice of an alleged standing issue related to § 97.021(23) itself.

And this is supported by their last citation, a request for admission to Mr. Hetherington. The FEC Defendants simply asked, "Admit that you do not challenge the *definition* of 'nonpartisan office' provided in Florida Statutes Section 907.021(23) [sic]." FEC Defendant's [sic] First Set of Admissions to Plaintiff at 4 (emphasis added). Again, the FEC Defendants treated it as a definition, not a source of enforcement power. And Mr. Hetherington is not challenging definitions, particularly when an invalidated definition could have unintended consequences throughout the Florida Statutes. Rather, Mr. Hetherington's challenge is to restrictions on his speech. Thus, Mr. Hetherington had, and continues to have, a "good faith argument" that there were no redressability concerns and that amendment was not necessary. *Vision Constr. Ent*, 2020 U.S. Dist. LEXIS 219239, at *7.

The FEC Defendants are making novel demands of a definition to

7

turn it into an enforcement provision. Mr. Hetherington had no knowledge that they planned to use that definition to raise a redressability concern. Thus, by the cases that the FEC Defendants cite, Mr. Hetherington could not have sought to amend earlier, "despite [his] diligence." *Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616 (M.D. Fla. 2015) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)) (internal quotation marks omitted). And Mr. Hetherington did not delay in seeking leave to amend once the FEC Defendants raised their asserted concern. *Id*. Nor is there "any repeated failure[] to cure." *Vision Constr. Ent*, 2020 U.S. Dist. LEXIS 219239, at *8. That is, there is good cause to grant the motion to amend.

Furthermore, Mr. Hetherington did not file his motion in bad faith or with a dilatory motive. *Id*.; *see also Blackburn v. Shire US Inc.*, 18 F.4th 1310, 1317-18 (11th Cir. 2021). The FEC Defendants' motion for summary judgment would have this Court grant summary judgment, dismissing the action. Mr. Hetherington would then need to file the same action, adding only a statute number—to include both § 97.021(23) and § 106.143(3)—but no additional substance or

8

argument. The parties would then have to go through all the same motions to dismiss and requests for injunctive relief, except that the next time around a motion for a temporary restraining order would have to be added—given the proximity of the election—compelling even greater resources from the Court. All to arrive back to this exact same place, but with many additional months having passed. Mr. Hetherington's motion is not calculated to draw the case out or punish the other side with increased litigation costs, but to promote judicial efficiency, give value to all the work already done in this case by all parties and by the Court, and save the Court and the parties from additional effort.

Given Mr. Hetherington's diligence and desire to expedite rather than delay the litigation, there is good cause to grant the motion to amend.

II.   THE FEC WILL NOT BE PREJUDICED BY AN AMENDMENT TO THE COMPLAINT

Lack of good cause is not shown by assertions of prejudice, but by proof of "*undue prejudice* to the opposing party by virtue of allowance of the amendment." *Foman*, 371 U.S. at 182 (emphasis added); *see also*

*Vision Const. Ent.*, 2020 U.S. Dist. LEXIS 219239, at *8 (requiring

"*undue* prejudice" (emphasis in original)). Despite claims about the need

for additional discovery and briefing, the FEC Defendants have not

even shown prejudice.

This is the second time the FEC Defendants have ambiguously

claimed the need for additional discovery. *See* FEC Defendants Resp. in

Opp. to Mot. for Preliminary Injunction at 18 (ECF No. 28); Order at 1-2

(ECF No. 37) (noting that the FEC's claim "requires further

explanation"). The FEC then broadly stated desires for materials

already in its possession, or for defenses for which it knew it had no

basis. For example, it asserted a need for 1) discovery to determine

whether Mr. Hetherington was actually a candidate, which it could

have verified from government records, FEC Supplemental Memo. at 3

(ECF No. 41); 2) correspondence and agreements with the FEC, which it

should already have had in its possession, *id.*; and 3) information

relating to any agreements between it and Mr. Hetherington, going to a

defense of accord and satisfaction, which it should have already had in

its possession, *id*. at 4.[1]

Other proposed questions, while of little value to any factual issue in the case, would have no other answer if § 97.021(23) were added: for example, any discovery answers would not change as to the meaning of "lifelong Republican," *id*. at 3 and 5; the scope of Mr. Hetherington's challenge, *id*. at 4 ¶ 1, which the Court and Mr. Hetherington have both stated extend only to the state's restriction on Mr. Hetherington's speech; the basis for Mr. Hetherington's fear of enforcement, *id*. at 4 ¶ 2; the speech that Mr. Hetherington claims is limited by Florida's speech restriction, *id*. at 4-5 ¶ 4; or whether Mr. Hetherington has run for other office, *id*. at 5.

The FEC's actual requests included demands for the paperwork for

_____

[1] In allowing limited discovery, the Court noted that evidence of "a possible defense of accord and satisfaction" had "no bearing on the likelihood of Hetherington's success on the merits," and that "any evidence . . . would already be in the FEC Defendants' possession." MPI Order at 5 n.5 (ECF No. 51). The FEC Defendants nonetheless requested "All communications . . . with the FEC Defendants . . . regarding violations, potential violations, fines, and other corrective actions, regarding Florida election laws." FEC Defendant's [sic] First Set of Requests to Produce to Plaintiff at 6 ¶ 2 (Sept. 13, 2021).

all Mr. Hetherington's Florida election campaigns; all his communications with the FEC, legislators, etc.; all his communications or proposed communications with voters; documentation showing Mr. Hetherington's relationship with the Republican party; what "lifelong Republican" would mean, and the phrase's effect on voters and Mr. Hetherington's campaign; the statutory provisions Mr. Hetherington is challenging; other elections in which Mr. Hetherington has run, and his public disclosures about party affiliation in those campaigns; and the messages Mr. Hetherington believed Florida restricted.

The answers to these questions, even if they were relevant to this action, will not change. They have been asked and answered. That is, if the FEC Defendants were correct in asserting that Fla. Stat. § 97.021(23) effected the same restriction as § 106.143(3), then the answers to any possible questions would remain the same. *Cf. Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (noting that discovery "need not be duplicated" where amendment would merely "state[] an 'alternative theory'").

And all the briefing that has happened in this case would likewise

12

remain the same. The FEC's position is that Mr. Hetherington's challenge should be dismissed for lack of redressability: that "Section 106.143(3) is squarely in line with the statutory definition of 'nonpartisan office'" at § 97.021(23), such that "the remaining legal framework would remain intact" if relief were granted just on § 106.143(3). FEC Opp. to Hetherington MSJ at 8 (ECF No. 75). The FEC has already argued why § 97.021(23) requires the same speech restriction as § 106.143(3), and why it believes Mr. Hetherington's challenge to that speech restriction lacks legal merit. Yet it now asserts the need for additional briefing, but without any hint of the additional arguments it would make. Indeed, it cannot point to additional arguments, as particularity as to additional arguments needed in relation to § 97.021(23) would undermine the FEC's redressability argument.

The FEC Defendants cannot have it both ways. Either the statutes effect the same restriction, in which case there is no need for further discovery or briefing. Or they do not effect the same restriction, in which case there is no redressability concern. And in either case, the

13

FEC Defendants have failed to protect Florida's unconstitutional speech restriction. In the first case, the Court should grant the motion to amend and Mr. Hetherington's motion for summary judgment. In the second case, the Court should deny the motion to amend as moot and grant Mr. Hetherington's motion for summary judgment.

Nevertheless, at least in theory, the Court may determine that leave to amend should be granted but that discovery should be reopened. As this Court has held before, some additional discovery and some additional briefing do not constitute "*undue* prejudice." *Vision Constr. Ent*, 2020 U.S. Dist. LEXIS 219239, at *8. But Mr. Hetherington maintains that any further discovery is unwarranted and would ask that any such discovery be tightly controlled. This case presents only legal and constitutional issues. The FEC Defendants have failed to show otherwise, either in their most recent or previously asserted needs for discovery. And such claims should not be allowed to unduly delay the proceedings or raise litigation costs.

CONCLUSION

Mr. Hetherington has demonstrated the diligence required for good cause to amend the complaint. He had, and continues to have, a good faith argument that there are no redressability concerns. But he addressed the FEC Defendants' arguments as to redressability and filed for leave to amend as soon as the FEC Defendants raised the issue. Moreover, far from filing for leave to amend out of any dilatory motive, Mr. Hetherington's purpose has been to save the Court and the parties from unnecessary briefing, delay, and costs, now and in the future.

Moreover, this case revolves around legal and constitutional issues— not factual ones. And the FEC's asserted redressability concerns revolve around the similar effect of § 106.143(3) and § 97.021(23), such that all the briefing about the former also covers the latter. Thus, granting the motion to amend would cause no prejudice, much less undue prejudice, to the Defendants.

Accordingly, Mr. Hetherington respectfully requests that the Court grant his motion to amend, should it find merit to the FEC's asserted redressability concerns. To the extent that the Court finds that the

asserted redressability concerns lack merit, Mr. Hetherington asks that

the Court dismiss his motion to amend the Complaint as moot.

Dated: February 8, 2022          */s/ Owen Yeates*
                                         Owen Yeates (pro hac vice)
                                         Institute for Free Speech
                                         1150 Connecticut Ave., NW, Ste. 801
                                         Washington, DC 20036
                                         oyeates@ifs.org
                                         Tel.: 202-301-3300
                                         *Counsel for Plaintiff*

CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the word limits at

N.D. Fla. Loc. R. 7.1(F). As measured by Microsoft Word's internal

count, the memorandum is 2,779 words, exclusive of the case style,

tables of contents and authorities, signature block, and certificates.

Dated: February 8, 2022        /s/ *Owen Yeates*

                                          Owen Yeates (pro hac vice)
                                          *Counsel for Plaintiff*


CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true and correct copy of

the foregoing document with the Clerk of Court using the CM/ECF

system, which will serve all attorneys of record.

Dated: February 8, 2022        /s/ *Owen Yeates*

                                          Owen Yeates (pro hac vice)
                                          *Counsel for Plaintiff*