UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| KELLS HETHERINGTON,<br>    *Plaintiff*,<br><br>    v.<br><br>GINGER BOWDEN MADDEN, in her official capacity as State Attorney, et al.,<br>    *Defendants*. | Case No.<br>3:21-cv-671-MCR-ZCB |

PLAINTIFF'S UNOPPOSED MOTION
FOR COSTS AND ATTORNEYS' FEES
AND SUPPORTING MEMORANDUM

## MOTION

Pursuant to FED. R. CIV. P. 54(d)(2)(A) and N.D. FLA. LOC. R. 54.1(A), Plaintiff Kells Hetherington moves for a determination of his entitlement to costs and attorneys' fees. This motion is unopposed.

## SUPPORTING MEMORANDUM

### FACTS

Plaintiff brought this suit to vindicate his First Amendment civil rights pursuant to 42 U.S.C. § 1983. *See* Compl., ¶ 3 (ECF No. 1).

- 1 -

On November 8, 2022, the Court granted Plaintiffs' motion for summary judgment and entered judgment in his favor. *See* Order (ECF No. 95); J. (ECF No. 96).

## ARGUMENT

Plaintiff is entitled to costs and attorney's fees. "If a plaintiff prevails on a § 1983 claim, a court may award fees and costs to Plaintiff as the prevailing party." *Attwood v. Clemons*, 526 F. Supp. 3d 1152, 1174 (N.D. Fla. 2021) (citing 42 U.S.C. § 1988). Indeed, under § 1988(b), "[i]n any action or proceeding to enforce" 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, …, a reasonable attorney's fee as part of the costs." *See also Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289, 1296 (11th Cir. 2021) (quoting § 1988(b)). "[I]n the majority of cases whether there is a prevailing party and which party prevailed will be easily determined." *Royal Palm Props., Ltd. Liab. Co. v. Pink Palm Props., Ltd. Liab. Co.*, 38 F.4th 1372, 1382 (11th Cir. 2022). In this case, the Court should rule Plaintiff is the prevailing party.

Under § 1988, "there are two requirements for a party to reach prevailing party status:" (1) the party is "awarded some relief on the

merits of its claim by the court;" and (2) "the party must be able to point to a resolution of the dispute which materially altered the legal relationship between the parties." *Id*. at 1376-77 (citing *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)).

Here, Plaintiff meets the prevailing party requirements. Plaintiff "obtained a judgment vindicating [his] First Amendment rights." *Garland*, 489 U.S. at 793. *See also* Order (ECF No. 95); J. (ECF No. 96). His "success has materially altered" the Defendants' authority to prevent Plaintiff from stating his political party affiliation in his political advertisements as a candidate for nonpartisan office. *Id.* Plaintiff "prevailed on a significant issue in the litigation and [ ] obtained some of the relief [he] sought." *Garland*, 489 U.S. at 793. Therefore, Plaintiff is the prevailing party, "within the meaning of § 1988," in this case. *Id.* "Thus, a reasonable fee, sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case, must be awarded." *Johnston v. Borders*, 36 F.4th 1254, 1282 (11th Cir. 2022) (quotation marks omitted).

CONCLUSION

The Court should grant Plaintiff's motion.

Dated: December 22, 2022      /s/ Ryan Morrison
    Ryan Morrison (pro hac vice)
    INSTITUTE FOR FREE SPEECH
    1150 Connecticut Ave., NW, Ste. 801
    Washington, DC 20036
    rmorrison@ifs.org
    Tel.: 202-301-3300
    *Counsel for Plaintiff*

CERTIFICATE OF COMPLIANCE

I certify that the parties held an attorney conference as required by N.D. FLA. LOC. R. 7.1(B). No one opposed this motion.

Dated: December 22, 2022      /s/ Ryan Morrison
    Ryan Morrison

CERTIFICATE OF COMPLIANCE

I certify that the foregoing complies with the word limits in N.D. FLA. LOC. R. 7.1(F). As measured by Microsoft Word's internal count, the memorandum is 441 words, exclusive of the case caption, signature blocks, and certificates.

Dated: December 22, 2022      /s/ Ryan Morrison
    Ryan Morrison

- 5 -

## CERTIFICATE OF SERVICE

I certify that I electronically filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will serve all attorneys of record.

Dated: December 22, 2022                /s/ Ryan Morrison
                                                                                           Ryan Morrison