## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**KELLS HETHERINGTON,**

    **Plaintiff,**

**v.**                       **CASE NO. 3:21cv671-MCR-ZCB**

**GINGER BOWDEN MADDEN IN HER**
**OFFICIAL CAPACITY AS STATE**
**ATTORNEY FOR THE FIRST JUDICIAL**
**CIRCUIT IN AND FOR ESCAMBIA COUNTY,**

    **Defendant.**
_____/

## <u>ORDER</u>

Plaintiff prevailed in this First Amendment case brought pursuant to 42 U.S.C. § 1983.  Now pending is Plaintiff's Unopposed Motion for Costs and Attorney's Fees, ECF No. 100.  "In any action or proceeding to enforce" § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."  42 U.S.C. § 1988(b).  The Court agrees that Plaintiff is entitled to an award of costs and attorney's fees as the prevailing party in this civil rights case, and Defendant does not dispute the matter.  *See generally Johnston v. Borders*, 36 F.4th 1254, 1282 (11th Cir. 2022) (stating, "a reasonable fee, 'sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case,' must be awarded" (quoting *Perdue v. Kenny A ex rel. Winn*, 559 U.S. 542, 552

(2010)).  The fee applicant bears the burden of establishing entitlement to fees and documenting the number of hours expended and the hourly rates by presenting specific and detailed evidence from which the court can determine the appropriate award.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1233 (11th Cir. 1988).

Accordingly:

1.    Plaintiff's Unopposed Motion for [a determination of his entitlement to an award of] Costs and Attorney's Fees, ECF No. 100, is **GRANTED**.

2.    The parties are directed to follow the local rules governing a motion to determine the amount, N.D. Fla. Loc. R. 54.1(E), (F), and (G):

(a)    Plaintiff's motion to determine the amount, together with a detailed declaration, identifying time spent on tasks necessary to the result and rates, and that of an independent attorney, addressing the reasonableness of the time and rates claimed, is due within thirty (30) days.  N.D. Fla. Loc. R. 54.1(E).

(b)    Defendant has thirty (30) days thereafter to file a written objection including a proposed reduction, as outlined in N.D. Fla. Loc. R. 54.1(F).

(c)    The parties then have fourteen (14) days after the opposing memorandum to confer in a good faith effort to resolve the dispute and to file a notice as to whether the parties have reached an agreement.  *See* N.D. Fla. Loc. R. 54.1(G).

3.    If no agreement is reached, the Clerk is directed to refer the motion and opposition to the assigned magistrate judge for resolution by report and recommendation, pursuant to N.D. Fla. Loc. R. 72.3.

**DONE AND ORDERED** this 27th day of December 2022.


*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**